IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **WILLIE T. JACKSON, No. K96977,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 13-cv-1079-GPM |
| ) | |
| **RANDY DAVIS,** ) | |
| ) | |
| **Defendant.** ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Willie T. Jackson, an inmate in Vienna Correctional Center ("Vienna"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. The complaint (Doc. 1) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which  relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune  from   such relief.

The complaint quite literally fails to state a claim upon which relief can be granted. The complaint contains <u>no</u> allegations. Rather, Plaintiff has merely attached an administrative grievance to the complaint form. Also, the complaint is not signed, as required by Federal Rule of Civil Procedure 11(a).

Even if the Court were inclined to construe the grievance as a complaint, no personal involvement by the sole defendant, Warden Davis, is alleged.  Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).

The Court further notes that the complaint form does not reflect whether Plaintiff has exhausted available administrative remedies before filing suit, pursuant to 42 U.S.C. 1997e(a). The grievance attached to the complaint reflects that Plaintiff's counselor only responded to the grievance on October 4, 2013, only two weeks before suit was filed.  This strongly suggests that Plaintiff did not pursue the grievance through the entire multi-step process, and there is no suggestion that the administrative process was unavailable to Plaintiff.

For these reasons, the complaint must be dismissed.  Dismissal shall be without prejudice and with leave to file an amended complaint consistent with this order.

### Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated Defendant **RANDY DAVIS** is **DISMISSED** without prejudice; and this complaint is **DISMISSED** without prejudice for failure to state a relief upon which relief can be granted.

**IT IS FURTHER ORDERED** that on or before **December 16, 2013** Plaintiff shall file an amended complaint.  Failure to file an amended complaint will result in the dismissal of this action and entry of judgment, as well as the assessment of a strike for purposes of 28 U.S.C. § 1915(g).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

   **IT IS SO ORDERED.**

   **DATED:**  November 14, 2013

                                    s/ *G. Patrick Murphy*
                                    G. PATRICK MURPHY
                                    United States District Judge